# UNITED STATES DISTRICT COURT
for the
Southern District of California

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>AT&T, ATTN: Global Legal Demands Center, 11760 U.S. Hwy 1, Suite 300, North Palm Beach, FL 33408 host of (619) 240-4405; IMSI 310410198011537 | Case No.  '22 MJ2735 |

### APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, incorporated herein by reference.

located in the Southern District of Florida , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Distribution and Possession with Intent to Distribute a Controlled Substance; |
| 21 U.S.C. §843(b) | Unlawful Use of a Communications Facility to Facilitate the Distribution of |
| 21 U.S.C. §846 | a Controlled Substance; Conspiracy to Distribute a Controlled Substance |

The application is based on these facts:
See attached Affidavit of US Postal Inspector Matt E. Carroll

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Matt E. Carroll, US Postal Inspector
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
Telephone *(specify reliable electronic means)*.

Date: July 29, 2022

*Judge's signature*

City and state: San Diego, CA          Hon. Barbara L. Major, U.S. Magistrate Judge
*Printed name and title*

# ATTACHMENT A
## PARCEL TO BE SEARCHED

AT&T ("AT&T" or the "Provider") hosts the electronic communication account associated with the telephone number (619) 240-4405 and IMSI 310410198011537 that is the subject of this search warrant and search warrant application (the "**Subject Account**").

AT&T is an electronic communication service provider whose primary computer information systems and other electronic communications and storage systems, records, and data are located at AT&T, ATTN: Global Legal Demands Center, 11760 U.S. Highway 1, Suite 300, North Palm Beach, FL 33408.

# ATTACHMENT B
# ITEMS TO BE SEIZED

**I.** **Service of Warrant**

The officer executing the warrant shall permit the Provider in Attachment A, as custodian of the electronic files described in Section II below, to locate the files and copy them onto removable electronic storage media and deliver the same to the officer.

**II.** **Items To Be Provided by the Provider**

Agents shall seize the following records, data, and information covering **May 1, 2020 up to and including March 29, 2021**, and maintained by the Provider for the Subject Account identified in Attachment A:

**A.** Subscriber information, including:
 i. Names;
 ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
 iii. Local and long distance telephone connection records;
 iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
 v. Length of service (including start date) and types of service utilized;
 vi. Telephone or instrument numbers, including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");
 vii. Other subscriber numbers or identities; and
 viii. Means and source of payment (including any credit card or bank account number) and billing records.

  **B.** For the following dates: (1) May 26, 2020; (2) November 3, 2020; and (3) November 16, 2020, please provide the following:

Records and other information about wire or electronic communications sent or received by the Subject Account, including:
  i. the date and time of the communication;
  ii. the method of the communication;
  iii. the source and destination of the communication, such as the source and destination telephone numbers (call detail records), email addresses, or IP addresses;
  iv. Cell site locations and sectors for all outgoing and incoming voice, SMS, MMS, and Data communications; and
  v. All available PCMD reports for these dates;

which are evidence of violations of Title 21, United States Code, Sections 841(a), 843(b), and 846.

# AFFIDAVIT FOR SEARCH WARRANT

I, Matt Carroll, being duly sworn, hereby depose and state:

## TRAINING AND EXPERIENCE

1. I am a Federal Agent employed as an inspector by the U.S. Postal Inspection Service ("USPIS"). I am an "investigative or law enforcement officer" of the United States within the meaning 18 U.S.C. 2510(7) and a federal law enforcement officer under Fed. R. Crim. P. 41(a)(2)(C). I am empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in 18 U.S.C. 3061.

2. I have been employed as a Postal Inspector since June 2012. From June 2012 through September 2012, I attended the Basic Postal Inspector Academy. I am a member of the San Diego Contraband Interdiction and Investigations ("CI2") Team. Prior to this assignment, I was assigned to the US Postal Inspection Service's Mail Theft and Violent Crimes and the Mail Fraud and Money Laundering teams in San Francisco, California and the Mail Theft and Violent Crimes team in San Diego, California. I have had formal training in controlled substance investigations, and have become familiar with the manner in which controlled substances are packaged, marketed, cultivated, manufactured and consumed. I also serve as an Anti-Money Laundering ("AML") program specialist for the USPIS which involves conducting investigations and providing expertise on money laundering and bank secrecy act enforcement.

3. I also possess a Master's Degree in Accounting and an active Certified Public Accountant ("CPA") license in the State of Massachusetts. Additionally, I hold the private industry computer certifications CompTIA A+ and Security+ which cover computer/network repair and data/network security, respectively. Over the course of my employment, I have attended several training courses related to identity theft, drug cartels and narcotics trafficking, money laundering, bitcoin and cryptocurrency, the dark web, cellphone investigations and asset forfeiture.

4. My current duties include investigating violations of the federal Controlled Substance Act and related offenses. I have also had training regarding the investigation of

individuals who use the U.S. mail to transport controlled substances and proceeds from their sale, and who use Postal Money Orders to launder the proceeds.

## PURPOSE OF WARRANT

5. The facts set forth in this affidavit are based on my own personal knowledge, knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers, witness interviews, reviews of documents, and computer records related to this investigation, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience. Because this affidavit is submitted for the limited purpose of establishing probable cause in support of a search warrant, it does not set forth every fact that I or others have learned during this investigation.

6. This affidavit in support of an application for a search warrant for AT&T, ATTN: Global Legal Demands Center, 11760 U.S. Highway 1, Suite 300, North Palm Beach, FL 33408 as described in Attachment A, to search the account associated with the following cellular telephone number and International Mobile Subscriber Identity ("IMSI") number:

Phone number: (619) 240-4405

IMSI: 310410198011537

(the "**Subject Account**") for subscriber information, telephone toll data, and cell-site geolocation data from May 1, 2020 up to and including March 29, 2021. There is probable cause to believe that these records and information constitute evidence of violations believe that the fruits, instrumentalities, and evidence of violations of Title 21, United States Code, Sections 841(a)(l) (distribution and possession with intent to distribute a controlled substance), 843(b) (unlawful use of a communication facility (including the mails) to facilitate the distribution of a controlled substance), and 846 (conspiracy to distribute a controlled substance) (the "Target Offenses"), as described in Attachment B and as discussed herein. This affidavit and application are sought pursuant to Rule 41 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 2703(a), which applies to providers

of electronic communication services. As discussed below, AT&T provided electronic communication services in the form of cellular and wireless telephone service for the **Subject Account**.

## PROBABLE CAUSE

### Investigation Summary

*Case Initiation*

7. On May 18, 2020, I received a lead from USPIS analysts regarding the address PO Box 532614, San Diego, CA 92153 (hereinafter "Box 532614"). Box 532614 was believed to be receiving proceeds of controlled substance sales via the US Mail from the Tupelo, MS area.

8. On May 19, 2020, I obtained a copy of the PS Form 1093 – *Application for Post Office Box Service*, for Box 532614. From that form, I learned that Box 532614 was opened on January 25, 2020 by Jamiron EATMON ("EATMON") who used the physical address of 2854 Evans Cir., Tupelo, MS 38801 and phone number of (619) 240-4405 to open that box.

9. On May 20, 2020, I searched law enforcement databases. Through my searches, I obtained a copy of EATMON's current Florida driver's license and his driver's license photograph.

10. While using USPS databases, I identified several suspicious parcels mailed from the San Diego, CA area to several addresses in the Tupelo, MS area which had a direct association to parcels mailed to Box 532614, the box opened by EATMON, to include but not limited to, the following addresses:

2750 EVANS CIR, TUPELO, MS 38801

PO BOX 622, VERONA, MS 38879

389 COUNTY ROAD 125, HOULKA, MS 38850

*Seizure of 943 Counterfeit M30 Oxycodone Pills Containing Fentanyl*

11. On May 27, 2020, I was alerted that Priority Mail parcel bearing tracking number 9505 5144 9587 0147 5147 41 addressed to "Darren Weatherspoon 2750 Evans

3

Circle Tupelo, MS, 38801," with the return address of "Alicia Weatherspoon 1516 Hicks St Oceanside, CA, 92054" was mailed from Carlsbad, CA (within the Southern District of California) on May 26, 2021 (hereinafter "Subject Parcel 1"). On June 5, 2020, Subject Parcel 1 was sent to the USPIS San Diego Field Office for further investigation by USPIS personnel.

12. On June 8, 2020, after inspecting the parcel, I determined that Subject Parcel 1 had various indicia raising suspicion, including, but not limited to, being heavily sealed and using excessive tape; a return address with a name that could not be associated with that address; and a recipient address that also could not be located with the name of the individual listed as the recipient among others. On that same day, a trained and certified narcotics detection dog and the dog's Border Patrol handler conducted an exterior examination of Subject Parcel 1 and the canine alerted to the presence of the odor of controlled substances on the parcel. On June 11, 2020, the Honorable Daniel E. Butcher authorized Southern District of California federal search warrant number 20MJ2263 for Subject Parcel 1.

13. On June 12, 2020, I searched Subject Parcel 1 pursuant to the warrant, and it was found to contain approximately 126.3 grams of suspected counterfeit M30 oxycodone pills. One pill was selected at random and was field tested using the TruNarc Handheld Narcotics Analyzer which field tested positive for acetaminophen. I know from my training and experience that legitimate M30 oxycodone pills do not contain acetaminophen as an active ingredient; thus, these pills appeared to be counterfeit M30 Oxycodone pills containing fentanyl which are commonly referred to on the street as "blues" or "roxys".

14. A laboratory test was conducted by the US Postal Inspection Service's National Forensic Laboratory ("USPIS FLS") on the pills contained in Subject Parcel 1. USPIS FLS determined that 943 pills were contained inside Subject Parcel 1. One pill was selected at random by a USPIS FLS forensic chemist and was found to contain N-Phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), 4-anilino-N-phenethylpiperidine ("4-ANPP"), and acetaminophen. The net weight of the pills and

fragments (excluding the analyzed pill) was 105.27 ± 0.05 grams. Fentanyl and 4-ANPP are Schedule II controlled substances.

15. I have reviewed surveillance video of the mailing of Subject Parcel 1 from the Carlsbad Main Post Office. I have reviewed EATMON's Florida driver's license photograph, and, based upon my review of the surveillance video and the photograph of EATMON, as well as the other information detailed herein, I believe that EATMON was the individual who mailed Subject Parcel 1.

16. On June 5, 2020 while using USPS databases, I learned that phone number (619) 240-4405 had called the USPS customer service hotline to inquire about Subject Parcel 1. This is the same phone number listed on the Post Office Box Application mentioned previously herein that was used by EATMON when he opened the box. A DEA administrative subpoena was served on AT&T for subscriber information associated to cellular phone number (619) 240-4405. AT&T responded to the subpoena, and I learned that cellular phone number (619) 240-4405 was assigned to the AT&T subscriber account of "Jamiron Eatmon" on a device with IMSI number 310410198011537.

**Seizure of 1.7 Kilograms of Methamphetamine**

17. On November 4, 2020, I was alerted that Priority Mail parcel bearing tracking number 9505 5158 1253 0308 4648 33 addressed to "Tayanda Armstrong 389 County Road 125 Houlka, MS, 38850," with the return address of "Evan Brower 2007 Estrella Road Prescott, AZ, 86305" was mailed from Imperial Beach, CA (within the Southern District of California) on November 3, 2021 (hereinafter "Subject Parcel 2"). On or about the same date, I referred Subject Parcel 2 to Inspectors in Mississippi. On November 5, 2020, I was informed that Subject Parcel 2 had been intercepted by USPIS personnel.

18. On November 10, 2020, after an inspector in Mississippi determined that the mailing address in Prescott, AZ did not who anyone by the surname of Brower living at that address and after a narcotics detector dog alerted to the exterior of the parcel, United States Magistrate Dave Sanders, in the Northern District of Mississippi, authorized a federal search warrant number in Case No. 1:20-MJ-35 for Subject Parcel 2. On or about

5

the same date, Postal Inspector C. Tutor searched the parcel pursuant to the warrant, and it was found to contain approximately 4 pounds of a clear, crystalline substance that Inspector Tutor recognized, based on his training and experience, to be consistent with methamphetamine.

19. A lab test was conducted by the USPIS FLS on the clear, crystalline substance contained in Subject Parcel 2. USPIS FLS determined that the clear, crystalline substance was found to contain d-methamphetamine hydrochloride with a 96 ± 3% purity and weighed 1,781.84 ± 0.10 grams. Methamphetamine is a Schedule II controlled substance.

20. I have reviewed EATMON's Florida driver's license photograph and, based on my review of the surveillance video of the mailing of Subject Parcel 2 from the Imperial Beach Main Post Office. I believe that EATMON was the individual who mailed Subject Parcel 2.

***Seizure of 1,000 Counterfeit M30 Oxycodone Pills Containing Fentanyl***

21. On or about November 20, 2020, Inspector Tutor informed me that he had intercepted Priority Mail parcel bearing tracking number 9505 5138 1726 0321 4157 10 addressed to "JEFFREY FLEMINGS PO BOX 622 VERONA, MS, 38879" with the return address of "BILL WILLIAMSON 2993 W LODGEPOLE LANE SHOW LOW, AZ, 85901" which was mailed from Chula Vista, CA (within the Southern District of California) on November 16, 2020 (hereinafter "Subject Parcel 3").

22. On November 19, 2020, the Honorable Jane M. Virden authorized Northern District of Mississippi federal search warrant number 4:20-MJ-1016 for Subject Parcel 3. On that same day, after inspecting the parcel, the Postal Inspector determined that the package included a return address with a name that could not be associated with that address; and a recipient address that also could not be located with the name of the individual listed as the recipient. In addition, the return address on the package was "Show Low, AZ" which was determined to be eight hours from the mailing point in Chula Vista, CA. The Hon. Jane M. Virden signed the search warrant for Subject Parcel 3. On November 20, 2020, Postal Inspector C. Tutor searched the parcel pursuant to the warrant, and it was

found to contain approximately 115.4 grams of suspected counterfeit M30 oxycodone pills. Inspector Tutor and agents from the Mississippi state police attempted to conduct a controlled delivery of Subject Parcel 3; however, the intended recipient never picked up the parcel.

23. A laboratory test was conducted by the USPIS FLS on the pills contained in Subject Parcel 3. USPIS FLS determined that 1,000 pills were contained inside Subject Parcel 3. Two pills were selected at random by a USPIS FLS forensic chemist and were found to contain fentanyl, 4-ANPP, and acetaminophen. The net weight of the pills and fragments (excluding the analyzed pills) was $109.84 \pm 0.05$ grams. Fentanyl and 4-ANPP are Schedule II controlled substances.

24. I have reviewed EATMON's Florida driver's license photograph, and based upon my review of the surveillance video of the mailing of Subject Parcel 3 from the Rancho Del Rey Post Office in Chula Vista, CA, I believe that EATMON was the individual who mailed Subject Parcel 3.

**Seizure of $20,000 in US Currency**

25. On March 23, 2021, I was alerted Priority Mail parcel bearing tracking number 9505 5100 1303 1081 4044 19 addressed to "Jamiron Eatmon PO Box # 532614 San Diego CA, 92153," with the return address of "Hazel Eatmon 3236 Shonda Circle Tupelo MS, 38801" was mailed from Tupelo, MS on March 22, 2021 (hereinafter "Subject Parcel 4).

26. On March 26, 2021, I came in contact with Subject Parcel 4 at the Otay Mesa Postal Store, within the Southern District of California, and I detained it for further investigation. On March 29, 2021, I met with I met with United States Border Patrol Agent (BPA) Cary Parsoneault and her trained narcotic detection canine, "Falco" at the at the USPIS San Diego Field Office, within the Southern District of California. The canine team conducted an exterior examination of Subject Parcel 4. After the canine team examined Subject Parcel 4, BPA Parsoneault told me "Falco" alerted to the presence of the odor of controlled substances on Subject Parcel 4.

27. On March 30, 2021, the Honorable Bernard G. Skomal authorized federal search warrant number 21MJ1175 for Subject Parcel 4. On March 31, 2021, I searched Subject Parcel 4 pursuant to the warrant and found it to contain $20,000 in US Currency in various denominations.

28. On March 29, 2021 while using USPS databases, I learned that EATMON had contacted USPS customer service via email inquiring about the status of Subject Parcel 4. EATMON provided the contact phone number (619) 240-4405.

***Arrest of EATMON***

29. On May 26, 2021, the Honorable Michael S. Berg authorized a three-count criminal complaint and arrest warrant for EATMON for violations of 21 USC 841(a)(1) – Possession with Intent to Distribute Methamphetamine and Fentanyl. On or about May 27, 2021, a Homeland Security Investigations ("HSI") agent entered EATMON into the Department of Homeland Security's ("DHS") Traveler Enforcement Compliance System ("TECS") with a request to detain and send EATMON to secondary inspection upon entry into the United States.

30. On July 14, 2021 at approximately 4:10 PM, EATMON presented himself for admission into the United States at the San Ysidro Port of Entry primary vehicle lanes, within the Southern District of California, driving a Ford Mustang bearing California tag number 7FAF463. Based on a NCIC and TECS alert, EATMON was sent to secondary inspection. At approximately 5:15 PM, a Customs and Border Protection ("CBP") Officer contacted me and advised that EATMON had been sent to secondary inspection and detained at the San Ysidro Port of Entry based on the USPIS arrest warrant. CBP Officers searched EATMON's person and vehicle incident to EATMON's arrest and pursuant to the border search exemption. During the search, CBP Officers seized $27,194 US Currency in various denominations, two laptops, and an Apple iPhone X cellphone (IMSI: 310410198011537). On the same date, the US Currency, two laptops, and the cellphone were transferred to my custody, and I impounded them into evidence at the USPIS San Diego Field Office, within the Southern District of California.

31. On January 6, 2022, the Honorable Michael S. Berg authorized federal search warrant number 22MJ0074 for EATMON's Apple iPhone (IMSI: 310410198011537). The cellphone was sent to the US Postal Inspection Service's San Francisco Digital Evidence Unit (DEU) where it was determined to be locked and encrypted. As of the date of this affidavit, the cellphone is still on a Greyshift GreyKey Forensic Access Tool to be unlocked. This process involves using a "brute-force" unlock whereby the GreyKey device tries each passcode until the passcode is guessed correctly, which is a very time-intensive process.

32. On or about May 26, 2022, DEU conducted a Before First Unlock ("BFU") extraction of EATMON's iPhone. I know from my training and experience that nearly all data stored on the device cannot be obtained until the device is unlocked, in this case by a GreyKey. However, a BFU extraction can be conducted on certain Apple devices that have not been unlocked and unencrypted and small amounts of data such as some keychain items containing authentication credentials for email accounts and a number of authentication tokens are available before first unlock. This small amount of data is needed to allow the device to start up correctly before the passcode is entered.

33. I have reviewed the BFU extraction and learned that EATMON's iPhone was issued the cell phone number (619) 240-4405 with IMSI number 310410198011537 and the Apple ID jeatmon662@gmail.com. Minimal other information was seized from the BFU extraction. As of writing this affidavit, EATMON's iPhone is still on a GreyKey.

**OPINIONS AND CONCLUSIONS**

34. Based on my training and experience and consultation with other law enforcement agents, I am aware that a forensic download or manual search of a cell phone does not always capture all calls, texts, and other communications that may have occurred on the **Subject Account** during a given time period, including, for example, if the user deleted content from the phone. I believe the information regarding phone numbers the **Subject Account** was in contact with during the relevant time period may reveal other accomplices and co-conspirators engaged in narcotics smuggling. Additionally, I believe

that historical geolocation data from the **Subject Account** used may identify travel to or locations involved in the importation and distribution of methamphetamine, fentanyl, or other federally controlled substances, such as delivery points, stash houses, or load houses, may assist in identifying co-conspirators, and also place EATMON in locations where controlled substances were mailed and proceeds from the sale of controlled substances were picked up.

35. Based on my training and experience, and my consultation with other law enforcement officers, I am aware that AT&T routinely collects and stores data for the electronic communication accounts to which it and other providers issue telephone numbers. The data includes: (i) subscribers' contact and billing information; (ii) detailed information concerning subscribers' incoming and outgoing telephone calls; (iii) detailed information concerning subscribers' outgoing direct calls, text message, and SMS messages; and (iv) detailed information concerning cell-site geo-location data.

36. In particular, I know that cell phones connect to a provider's network through cell towers or cell sites. The particular tower or site may change as a phone moves from one location to another. Providers automatically record and retain this connection data as part of the **Subject Account**. Records and data identifying the towers or sites to which a phone connected therefore tend to identify the phone's and phone user's location at particular times.

37. I also know that different providers use the speed with which signals travel between cell phones and cell towers ("per call measurement data," or "PCMD"), as well as other data, to better calculate and record the location of phones accessing their networks. Different providers may use different terminology to describe PCMD. For example, T-Mobile has referred to the resulting location data as "timing advance" data; AT&T, as "NELOS" data; Verizon, as "Real Time Tool" or "RTT" data; and Sprint, as PCMD.

38. This application requests such per call measurement data (by whatever name the provider uses) for the **Subject Account** for the following date and time range: May 1, 2020 12:00 a.m. PST (Pacific Standard Time) to March 29, 2021 11:59 p.m. PST. During

this time period, the subscriber for the **Subject Account** is believed to have been located in or around the vicinity of southern California and Mississippi.

39. Based on the facts set forth above, I seek a warrant to search the **Subject Account** for the records and information in Attachment B.

## CONCLUSION

40. Based on the facts set forth in this affidavit, I believe there is probable cause that evidence of a crime, contraband, fruits of a crime, proceeds of a crime, other items illegally possessed, instrumentalities, or property designed for use, intended for use, or used in committing a crime of violations of Title 21, United States Code, Sections 841(a)(l) (distribution and possession with intent to distribute a controlled substance), 843(b) (unlawful use of a communication facility (including the mails) to facilitate the distribution of a controlled substance), and 846 (conspiracy to distribute a controlled substance) are concealed in the locations identified in Attachment A. Accordingly, I request the issuance of a search warrant authorizing the search of the locations described in Attachments A, as well as the seizure of items described in Attachment B.

41. I declare under penalty and perjury the foregoing is true and correct to the best of my knowledge and belief.

_____
MATT CARROLL
United States Postal Inspector

Sworn and attested to under oath by telephone, in accordance with Federal Rule of Criminal Procedure 4.1 on July 29, 2022.

_____
HONORABLE BARBARA L. MAJOR
United States Magistrate Judge